UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

FILED
2010 JUN -7 P 3:38
JON W. SANFILIPPO
CLERK

Thomas Doyle
Plaintiff

Case No:
15 U.S.C. 1692 Fair Debt Collection Practices Act ("FDCPA")

vs.

Messerli and Kramer
Defendants

10-C-476

## COMPLAINT

NOW COMES the above-named Plaintiff, Thomas Doyle, by his attorneys, **VAITYS LAW LLC**, and bring a Complaint against the above captioned Defendants, Messerli and Kramer, and hereby shows to the court as follows upon information and belief that on several occasions, in June of 2009 and thereafter that the above named Defendants, Messerli and Kramer or others working on Plaintiff's behalf violated the following provisions of federal law, namely 15 U.S.C. 1692 Fair Debt Collection Practices Act ("FDCPA") and states upon information and belief to the Court as follows:

### PARTIES

1. Thomas Doyle is a real and natural person and is a resident of the State of Wisconsin with a domicile at 639 East Roland St. Oconomowoc WI 53066 and is a Plaintiff to this current action.

2. Messerli and Kramer is a bill collection agency, law firm and/or other legal entity or set of entities, organized under the laws of the State of Minnesota and has a principal place of business at 150 South Fifth Street 1800 Fifth Street Towers, Minneapolis, MN 55402-4218 and are Defendants to this action.

## FACTS

3. That in June of 2009, Plaintiff Doyle was contacted at his regular work number on various occasions by "Tim Thomson" from Messerli and Kramer regarding an alleged debt owed.

4. That Plaintiff Doyle informed Tim Thomason from Messerli and Kramer that this was his regular work number and that he wished contact between him and Messerli and Kramer to cease.

5. That collection calls from Messerli and Kramer regarding an alleged debt owed to Plaintiff did not cease after Doyle made the request.

6. That on June 9th 2009 Plaintiff Doyle sent certified mail, U.S. Post 7006 2760 0003 0733 1083 to Messerli and Kramer requesting, *inter alia*, verification of the debt and for Messerli and Kramer to "no telephone contact be made by Messerli and Kramer to Doyle's home or place of employment. (attached hereto as Exhibit 1, is a true and accurate copy of the June 9th 2009 certified mailing "First Certified Mailing" attached hereto Defendant's Affidavit).

7. That Messerli and Kramer received the First Certified Mailing on June 11th 2009 (attached hereto as Exhibit 1 is a true and accurate copy of the June 11th 2009 certified mailing "First Certified Mailing" attached to Defendant's Affidavit).

8. That despite Doyle's repeated requests and First Certified Mailing were disregarded and Messerli and Kramer persisted in harassing Doyle by telephone, including on Monday June 15th 2009 at 7:41 p.m. and at times thereafter (attached hereto Defendant's Affidavit as Exhibit 3 is a true and accurate copy of Defendant's phone bill- item 31 clearly indicates that Messerli and Kramer contacted Defendant after receiving notice to cease contact).

9. At no time did Defendant receive proper verification, or in the alternative, a legally deficient verification of the alleged debt owed was sent by Messerli and Kramer pursuant to the First Certified mailing.

10. That Messerli and Kramer never provided a document or contract, signed by the Defendant, Thomas Doyle, that indicates his assent to any agreement for a credit card with Providian Bank.

11. That on June 22nd 2009 Defendant Doyle sent certified mail, U.S. Post 7006 2760 0003 0733 4046 to Messerli and Kramer requesting, *inter alia,* validation of the debt and for Messerli and Kramer to "no telephone contact be made by Messerli and Kramer to Doyle's home or place of employment. (attached hereto Defendant's Affidavit as Exhibit 2 is a true and accurate copy of the June 24th 2009 certified mailing "Second Certified Mailing").

12. That Messerli and Kramer, clearly violated federal law after they received numerous notices from Doyle that he did not wish to be contacted by phone.

13. That Messerli and Kramer admitted to having received the First Certified Mailing and Second Certified Mailing in Responses to Defendant Doyle's Requests For Admissions ("RFA's") attached hereto as Exhibit 4 is a true and accurate copy of Messerli and Kramer's Responses to Defendant's RFA's.

14. That Messerli and Kramer qualifies as Debt Collectors as that term is used under 15 U.S.C. 1692 Fair Debt Collection Practices Act ("FDCPA").

## VIOLATIONS OF
## 15 U.S.C. 1692 Fair Debt Collection Practices Act ("FDCPA")

15. That Defendant Thomas Doyle adopts and realleges Counts 1-14 as though fully set out herein.

16. 15 U.S.C. 1692c(a)(1)- Contacting the Consumer at any Unusual Time or Place (namely here the unusual place was Plaintiffs work);

17. 15 U.S.C. 1692c(a)(3) Contacting the Consumer's Place of Employment;

18. 15 U.S.C. 1692c(a)(3) Caused the Phone to Ring and Repeatedly Engaged in Telephone Conversations.

19. That in each instance where the Defendants or their agents, employees, independent contractors and/or others working for the Defendants that they were contacting the Defendant at his place of work, to stop and not call anymore at his place of employment.

20. As a result of the foregoing violations of the FDCPA, Defendants are liable to the Plaintiff, for judgment, declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and actual and reasonable attorney's fees.

21. That this matter has been part of Third Party Complaint litigation, in Waukesha County Wisconsin that Mr. Doyle's actual damages are, upon information and belief, currently as of May 23rd 2010 at $9,623.00 and broken down as follows

    a. Five Days of missed work $878.00
    b. Mailing Notices $10.00
    c. Gas $110.00
    d. Harm to Reputation and Emotional Distress $1,000.00 (or more)
    e. Attorney Fees $6,625.00 (as of May 23rd 2010)

22. That Thomas Doyle's affidavit is attached hereto.

23. That this matter has been filed as a first party complaint, resorting to the federal court as a preferable venue and for the sake of preserving the Plaintiff's Statute of Limitations

WHEREFORE, Plaintiff Thomas Doyle, respectfully requests that judgment be entered against Defendant Messerli and Kramer for violations of the FDCPA, actual damages, statutory damages, and costs and actual and actual and reasonable attorney's fees and for whatever other relief this Honorable Court deems just

Dated this 7th of ___ 2010

**VAITYS LAW LLC**
Attorneys for Defendant,
Thomas Doyle

_____
Thomas D Vaitys
State Bar No.: 1049546

**P.O. ADDRESS**

VAITYS LAW LLC
8989 North Port Washington Road
Suite 201
Bayside, Wisconsin 53217
(414) 755-8448 (Telephone)
(414) 352-0909 (Facsimile)

June 8, 2009

Thomas J. Doyle
639 E. Roland St.
Oconomowoc, WI. 53146

Messerli & Kramer P.A.
3133 Campus Dr. #250
Plymouth, MN 55441

Date

Re: Acct # WPD/09-34267-0

To Whom It May Concern:



This letter is being sent to you in response to a notice sent to me on the above addressed of May 27, 2009. Be advised that this is not a refusal to pay, but a notice sent pursuant to the Fair Debt Collection Practices Act, 15 USC 1692g Sec. 809 (b) that your claim is disputed and validation is requested.

This is NOT a request for "verification" or proof of my mailing address, but a request for VALIDATION made pursuant to the above named Title and Section. I respectfully request that your offices provide me with competent evidence that I have any legal obligation to pay you.

Please provide me with the following:

What the money you say I owe is for;
Explain and show me how you calculated what you say I owe;
Provide me with copies of any papers that show I agreed to pay what you say I owe;
Provide a verification or copy of any judgment if applicable;
Identify the original creditor;
Prove the Statute of Limitations has not expired on this account
Show me that you are licensed to collect in my state
Provide me with your license numbers and Registered Agent

At this time I will also inform you that if your offices have reported invalidated information to any of the 3 major Credit Bureau's (Equifax, Experian or TransUnion) this action might constitute fraud under both Federal and State Laws. Due to this fact, if any negative mark is found on any of my credit reports by your company or the company that you represent I will not hesitate in bringing legal action against you for the following:

Violation of the Fair Credit Reporting Act
Violation of the Fair Debt Collection Practices Act
Defamation of Character
If your offices are able to provide the proper documentation as requested in the following Declaration, I will require at least 30 days to investigate this information and during such time all collection activity must cease and desist.

Also during this validation period, if any action is taken which could be considered detrimental to any of my credit reports, I will consult with my legal counsel for suit. This includes any listing any information to a credit reporting repository that could be inaccurate or invalidated or verifying an account as accurate when in fact there is no provided proof that it is.

If your offices fail to respond to this validation request within 30 days from

Ex 1

the date of your receipt, all references to this account must be deleted and completely removed from my credit file and a copy of such deletion request shall be sent to me immediately.

I would also like to request, in writing, that no telephone contact be made by your offices to my home or to my place of employment. If your offices attempt telephone communication with me, including but not limited to computer generated calls and calls or correspondence sent to or with any third parties, it will be considered harassment and I will have no choice but to file suit. All future communications with me MUST be done in writing and sent to the address noted in this letter by USPS.

It would be advisable that you assure that your records are in order before I am forced to take legal action. This is an attempt to correct your records, any information obtained shall be used for that purpose.

Best Regards,

Thomas J. Doyle

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X
B. Received by (Printed Name)
C. Date of Delivery
D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.
4. Restricted Delivery? (Extra fee)   ☐ Yes

PS Form 3811, February 2004     Domestic Return Receipt

1. Article Addressed to:

Messerli + Kramer P.A.
3033 Campus Dr. #250
Plymouth, MN 55441

2. Article Number (Transfer from service label)
7006 2760 0003 0733 1003

UNITED STATES POSTAL SERVICE

Sender: Please print your name, address, and ZIP+4 in this box

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

Thomas J. Doyle
639 E Roland St
Oconomowoc, WI 53066

June 22, 2009

Thomas J. Doyle
639 E. Roland St.
Oconomowoc, WI 53066

Messerli & Kramer P.A.
3033 Campus Dr. #250
Plymouth, MN 55441

Re: Acct # WPD 09-84267-0



Tom sir  Mr. Doyle  

The information you have sent to me in your letter dated June 11, 2009 is not adequate proof of an alleged $3,222.13 debt. I'm sure you are aware of the provisions in the Fair Debt Collection Practices Act (FDCPA), and I am once again requesting validation of this debt. I am requesting proof that I am indeed the party you are asking to pay this debt, and there is some contractual obligation which is binding on me to pay this debt. I am requesting that you stop contacting me by telephone as your office did on June 15, 2009 at 3:26pm, four days after receiving my request to stop telephone contact. You will restrict your contact with me to writing, and only when you can provide adequate validation of this alleged debt. To refresh your memory on what constitutes legal validation, I am giving a list of the required documentation:

* Complete payment history, the requirement of which has been established via Spears v Brennan 745 N.E.2d 862; 2001 Ind. App. LEXIS 509 and
* Agreement that bears the signature of the alleged debtor wherein he has agreed to pay the original creditor.
* Letter of sale or assignment from the original creditor to your company. (Agreement with your client that grants you the authority to collect on this alleged debt.) Coppola v. Arrow Financial Services, 302CV577, 2002 WL 32173704(D. Conn., Oct. 29, 2002)- Information relating to the purchase of a bad debt is not proprietary or burdensome. Debtor must phrase their request clearly to obtain: The source of a debt and the amount a bad debt buyer paid for plaintiff's debt, how amount sought was calculated, where in issue a list of reports to credit bureaus, and documents conferring authority on defendant to collect debt.
* Intimate knowledge of the creation of the debt by you, the collection agency.

Im sure you know, under FDCPA Section 809 (b), you are not allowed to pursue collection activity until the debt is validated.

If your offices fail to respond properly to this validation request within 30 days from the date of your receipt, all references to this account must be deleted and completely removed from my credit file and a copy of such deletion request shall be sent to me immediately.

While I prefer not to litigate, I will use the courts as needed to enforce my rights under the

Ex 2

June 22, 2009

Thomas J. Doyle
639 E. Roland St.
Oconomowoc, WI 53066

Messerli & Kramer P.A.
3033 Campus Dr. #250
Plymouth, MN 55441

Re: Acct # WPD'09-84267-0

To Whom It May Concern:

The information you have sent to me in your letter dated June 11, 2009 is not adequate proof of an alleged $3,222.13 debt. I'm sure you are aware of the provisions in the Fair Debt Collection Practices Act. (FDCPA), and I am once again requesting validation of this debt. I am requesting proof that I am indeed the party you are asking to pay this debt, and there is some contractual obligation which is binding on me to pay this debt. I am requesting that you stop contacting me by telephone as your office did on June 15, 2009 at 3:26pm, four days after receiving my request to stop telephone contact. You will restrict your contact with me to writing, and only when you can provide adequate validation of this alleged debt. To refresh your memory on what constitutes legal validation, I am giving a list of the required documentation:

* Complete payment history, the requirement of which has been established via Spears v Brennan 745 N.E.2d 862; 2001 Ind. App. LEXIS 509 and
* Agreement that bears the signature of the alleged debtor wherein he has agreed to pay the original creditor.
* Letter of sale or assignment from the original creditor to your company. (Agreement with your client that grants you the authority to collect on this alleged debt.) Coppola v. Arrow Financial Services, 302CV577, 2002 WL 32173704(D. Conn., Oct. 29, 2002)- Information relating to the purchase of a bad debt is not proprietary or burdensome. Debtor must phrase their request clearly to obtain: The source of a debt and the amount a bad debt buyer paid for plaintiff's debt, how amount sought was calculated, where in issue a list of reports to credit bureaus, and documents conferring authority on defendant to collect debt.
* Intimate knowledge of the creation of the debt by you, the collection agency.

Im sure you know, under FDCPA Section 809 (b), you are not allowed to pursue collection activity until the debt is validated.

If your offices fail to respond properly to this validation request within 30 days from the date of your receipt, all references to this account must be deleted and completely removed from my credit file and a copy of such deletion request shall be sent to me immediately.

While I prefer not to litigate, I will use the courts as needed to enforce my rights under the

FDCPA.

I look forward to an uneventful resolution of this matter.

Sincerely

Thomas J. Doyle.

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _[signature]_ ☐ Agent ☐ Addressee

B. Received by (Printed Name) / Date of Delivery
_[illegible]_ 6/14/09

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

1. Article Addressed to:

Messerli + Kramer P.A.
3033 Campus Dr #250
Plymouth, MN
55441

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label)
7006 2760 0003 0233 _[illegible]_

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Thomas J. Doyle
639 E. Roland St.
Oconomowoc, WI
53066



# Call details

### (262) 573-7579

| # | Date | Time | Phone Number | Call Destination | Rate Type | Minutes Used | Total Charges |
|---|---|---|---|---|---|---|---|
| 1 | 06/12 | 10:00 AM | VoiceMail | WEST BEND, WI | PU | 1 | |
| 2 | 06/12 | 12:29 PM | 262-527-7764 | WAUKESHA, WI | MM/PU | 3 | |
| 3 | 06/12 | 02:52 PM | 262-853-9662 | MILWAUKEE, WI | PU | 1 | |
| 4 | 06/12 | 03:43 PM | | | | | |
| 5 | 06/12 | 04:34 PM | 262-527-7764 | WAUKESHA, WI | MM/PU | 3 | |
| 6 | 06/12 | 05:14 PM | 262-786-0497 | MILWAUKEE, WI | PU | 7 | |
| 7 | 06/12 | 05:39 PM | 231-218-2050 | TRAVERSE CY, MI | MM/PU | 32 | |
| 8 | 06/12 | 06:10 PM | 262-527-7764 | WAUKESHA, WI | MM/PU | 2 | |
| 9 | 06/12 | 06:12 PM | 262-786-0497 | MILWAUKEE, WI | PU | 5 | |
| 10 | 06/12 | 06:34 PM | 614-754-4098 | Incoming | PU | 1 | |
| 11 | 06/12 | 06:35 PM | 614-754-4098 | Incoming | PU | 1 | |
| 12 | 06/13 | 05:29 AM | VoiceMail | WEST BEND, WI | NW/PU | 2 | |
| 13 | 06/13 | 06:01 AM | 262-786-0497 | MILWAUKEE, WI | NW/PU | 13 | |
| 14 | 06/13 | 08:17 AM | 414-333-0914 | MILWAUKEE, WI | NW/PU | 29 | |
| 15 | 06/13 | 09:46 AM | 262-527-7764 | WAUKESHA, WI | MM/PU | 2 | |
| 16 | 06/13 | 12:58 PM | 262-527-7764 | WAUKESHA, WI | MM/PU | 2 | |
| 17 | 06/13 | 01:10 PM | 262-527-7764 | Incoming | MM/PU | 2 | |
| 18 | 06/13 | 02:16 PM | 231-218-2050 | TRAVERSE CY, MI | MM/PU | 10 | |
| 19 | 06/13 | 03:14 PM | 262-527-7764 | Incoming | MM/PU | 1 | |
| 20 | 06/14 | 09:06 AM | 414-899-1947 | MILWAUKEE, WI | NW/PU | 2 | |
| 21 | 06/14 | 09:08 AM | 414-899-1853 | MILWAUKEE, WI | NW/PU | 3 | |
| 22 | 06/14 | 09:59 AM | 262-573-6205 | WEST BEND, WI | MM/PU | 5 | |
| 23 | 06/14 | 11:18 AM | 414-467-3065 | Incoming | MM/PU | 1 | |
| 24 | 06/14 | 03:09 PM | 262-786-0497 | MILWAUKEE, WI | NW/PU | 11 | |
| 25 | 06/14 | 05:29 PM | 262-853-9662 | MILWAUKEE, WI | NW/PU | 2 | |
| 26 | 06/14 | 07:55 PM | 262-786-0497 | MILWAUKEE, WI | NW/PU | 11 | |
| 27 | 06/15 | 01:29 PM | 262-527-7764 | WAUKESHA, WI | MM/PU | 4 | |
| 28 | 06/15 | 05:35 PM | VoiceMail | WEST BEND, WI | PU | 3 | |
| 29 | 06/15 | 06:15 PM | 262-786-0497 | MILWAUKEE, WI | PU | 5 | |
| 30 | 06/15 | 07:40 PM | 877-671-1851 | Toll Free Call | NW/PU | 1 | |
| 31 | 06/15 | 07:41 PM | 800-795-4205 | Toll Free Call | NW/PU | 1 | |
| 32 | 06/15 | 08:08 PM | VoiceMail | WEST BEND, WI | NW/PU | 1 | |
| 33 | 06/15 | 08:08 PM | 262-853-9662 | MILWAUKEE, WI | NW/PU | 13 | |
| 34 | 06/15 | 12:51 PM | VoiceMail | WEST BEND, WI | PU | 2 | |
| 35 | 06/16 | 05:57 PM | 262-527-7764 | WAUKESHA, WI | MM/PU | 8 | |
| 36 | 06/16 | 06:51 PM | 414-467-3065 | MILWAUKEE, WI | MM/PU | 11 | |
| 37 | 06/17 | 06:44 AM | 262-786-0497 | MILWAUKEE, WI | NW/PU | 10 | |
| 38 | 06/17 | 09:52 AM | 414-467-3065 | MILWAUKEE, WI | MM/PU | 6 | |
| 39 | 06/17 | 03:08 PM | 262-377-1985 | Incoming | PU | 2 | |
| 40 | 06/17 | 08:55 PM | 262-786-0497 | MILWAUKEE, WI | NW/PU | 13 | |
| 41 | 06/17 | 09:07 PM | VoiceMail | WEST BEND, WI | NW/PU | 1 | |
| 42 | 06/18 | 06:49 AM | 262-573-6205 | WEST BEND, WI | MM/PU | 1 | |

Handwritten note: #31 Messerli + Kramer PA.

Promotional Usage   MM - Sprint Mobile to Mobile   NW - Night and Weekends

Your profile? Update nowUpdated 3/26/2010

Ads by Google
BP $100 Million Verdict
BP Trial Attorney Only attorney with BP verdict

# Messerli & Kramer P.A.

Messerli & Kramer P.A.
3033 Campus Drive
Suite 250
Plymouth, MN 55441-2662
Phone: (763) 548-7900 . (800) 795-4205 (Toll Free)
Fax: (763) 548-7922
View other locations »

Websites associated with this firm:
http://www.messerlikramer.com

## Attorneys   Office Information

| Name | Title |
|---|---|
| Chou, Brian A. | |
| Gustafson, Mercedes A. | |
| Hicks, William C. | |
| Pappas, Jefferson C. | |
| Prutzman, Amanda E. | |
| Schabilion, Truman W | |
| Steil, Andrew J. | |
| Weber, Derrick N. | Shareholder |
| Welp, Brad D. | |
| Zuidmulder, Kate R. | |

# MESSERLI & KRAMER

March 23, 2010

Thomas D. Vaitys
Vaitys Law LLC
8989 North Port Washington Rd. #201
Bayside, WI 53217

Re: *Crown Asset Management LLC v. Thomas Doyle*
Case No.: 09-SC-7002

Dear Mr. Vaitys:

As you know, the Federal case has been dismissed, and this matter has been remanded back to the Waukesha County Circuit Court. As your discovery requests were submitted under the Federal case, Plaintiff is no longer obligated to respond to them. However, to preserve our position, enclosed please find Plaintiff's Answers to Defendant's Requests for Admissions and Interrogatories in the Federal case.

Very truly yours,

MESSERLI & KRAMER P.A.

Amanda E. Prutzman
Attorney at Law

enclosures

**EXHIBIT 4**

**IMPORTANT NOTICE**
THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

| | |
|---|---|
| Crown Asset Management LLC as Successor in Interest to Providian Bank, <br><br> Plaintiff, <br><br> vs. <br><br> Thomas Doyle, <br><br> Defendant. | PLAINTIFF'S ANSWERS TO DEFENDANT'S REQUESTS FOR ADMISSIONS AND INTERROGATORIES |

TO DEFENDANT, THOMAS DOYLE, THROUGH HIS ATTORNEY, THOMAS D. VAITYS, ESQ., 8989 NORTH PORT WASHINGTON, SUITE 201, MILWAUKEE, WISCONSIN 53217:

## REQUESTS FOR ADMISSIONS

### SPECIFIC RESPONSES

1. Admit that Exhibit 1, here attached, is a true and accurate copy of U.S. Postal Certificate Correspondence Number 7006 2760 0003 0733 1083.

   **OBJECTION:** The complaint states a claim for collection of an outstanding balance due on a credit card. The counterclaim alleges the following claims: 1) Contacting the Defendant at an unusual time or place; 2) Contacting the Defendant at his place of employment; and 3) Causing the phone to ring and repeatedly engaging in telephone conversations. Defendant's request is irrelevant, outside the scope of the complaint and counterclaim, assumes facts not alleged or in evidence, and is not likely to lead to the discovery of admissible evidence.

2. Admit that Exhibit 1 was received by Messerli & Kramer on or about June 11, 2009.

   **OBJECTION:** The complaint states a claim for collection of an outstanding balance due on a credit card. The counterclaim alleges the following claims: 1) Contacting the Defendant at an unusual time or place; 2) Contacting the Defendant at his place of employment; and 3) Causing the phone to ring and repeatedly engaging in telephone conversations. Defendant's request is irrelevant, outside the scope of the complaint and counterclaim, assumes facts not alleged or in evidence, and is not likely to lead to the discovery of admissible evidence.

3. Admit that Exhibit 1 was signed for by Messerli & Kramer on or about June 11, 2009.

OBJECTION: The complaint states a claim for collection of an outstanding balance due on a credit card. The counterclaim alleges the following claims: 1) Contacting the Defendant at an unusual time or place; 2) Contacting the Defendant at his place of employment; and 3) Causing the phone to ring and repeatedly engaging in telephone conversations. Defendant's request is irrelevant, outside the scope of the complaint and counterclaim, assumes facts not alleged or in evidence, and is not likely to lead to the discovery of admissible evidence.

4. Admit that Exhibit 2, here attached, is a true and accurate copy of U.S. Postal Certificate Correspondence Number 7006 2760 0003 0733 1083.

OBJECTION: The complaint states a claim for collection of an outstanding balance due on a credit card. The counterclaim alleges the following claims: 1) Contacting the Defendant at an unusual time or place; 2) Contacting the Defendant at his place of employment; and 3) Causing the phone to ring and repeatedly engaging in telephone conversations. Defendant's request is irrelevant, outside the scope of the complaint and counterclaim, assumes facts not alleged or in evidence, and is not likely to lead to the discovery of admissible evidence.

5. Admit that Exhibit 3, here attached, is a true and accurate copy of U.S. Postal Certificate Correspondence Number 7006 2760 0003 0733 4046.

OBJECTION: The complaint states a claim for collection of an outstanding balance due on a credit card. The counterclaim alleges the following claims: 1) Contacting the Defendant at an unusual time or place; 2) Contacting the Defendant at his place of employment; and 3) Causing the phone to ring and repeatedly engaging in telephone conversations. Defendant's request is irrelevant, outside the scope of the complaint and counterclaim, assumes facts not alleged or in evidence, and is not likely to lead to the discovery of admissible evidence.

6. Admit that Exhibit 3 was received by Messerli & Kramer on or about June 24th 2009.

OBJECTION: The complaint states a claim for collection of an outstanding balance due on a credit card. The counterclaim alleges the following claims: 1) Contacting the Defendant at an unusual time or place; 2) Contacting the Defendant at his place of employment; and 3) Causing the phone to ring and repeatedly engaging in telephone conversations. Defendant's request is irrelevant, outside the scope of the complaint and counterclaim, assumes facts not alleged or in evidence, and is not likely to lead to the discovery of admissible evidence.

7. Admit that Exhibit 3 was signed for by Messerli & Kramer on or about June 24th 2009.

OBJECTION: The complaint states a claim for collection of an outstanding balance due on a credit card. The counterclaim alleges the following claims: 1) Contacting the

Defendant at an unusual time or place; 2) Contacting the Defendant at his place of employment; and 3) Causing the phone to ring and repeatedly engaging in telephone conversations. Defendant's request is irrelevant, outside the scope of the complaint and counterclaim, assumes facts not alleged or in evidence, and is not likely to lead to the discovery of admissible evidence.

8. Admit that Exhibit 4, here attached, is a true and accurate copy of U.S. Postal Certificate Correspondence Number 7006 2760 0003 0733 4646.

OBJECTION: The complaint states a claim for collection of an outstanding balance due on a credit card. The counterclaim alleges the following claims: 1) Contacting the Defendant at an unusual time or place; 2) Contacting the Defendant at his place of employment; and 3) Causing the phone to ring and repeatedly engaging in telephone conversations. Defendant's request is irrelevant, outside the scope of the complaint and counterclaim, assumes facts not alleged or in evidence, and is not likely to lead to the discovery of admissible evidence.

## INTERROGATORIES

## GENERAL OBJECTIONS

1. Plaintiff objects to the Instructions and Definitions submitted by Defendant as part of Defendant's Interrogatories, and will respond in accordance with the requirements of the Wisconsin Rules of Civil Procedure.

2. Plaintiff objects to each request to the extent that it seeks information subject to the attorney/client privilege, work product doctrine, or otherwise seeks the disclosure of mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of Plaintiff in this litigation.

3. Plaintiff objects to each request to the extent that a full answer thereto would require the Plaintiff to obtain information from any former employee, agent, representative, officer, director, or attorney of the Plaintiff. The Plaintiff acknowledges only a duty to provide information within their possession, custody or control.

4. The answers provided herein are given with the understanding that by doing so, Plaintiff does not waive their attorney-client privilege or work product protection nor do they waive any other applicable objection or the right to file a motion for a protective order.

## SPECIFIC RESPONSES

**INTERROGATORY NO. 1:** If you deny or qualify your response to any of the admissions requested, for each such denial and/or qualification, identify:
   a) Each fact upon which you base such denial or qualification;
   b) Each document upon which said denial or qualification is based or which contains any record or reference to or any indication of any fact states in answer to subsection (a) or this interrogatory;
   c) Each person who [illegible] ... any facts stated in answer to subsection (a) of this interrogatory.

**OBJECTION:** Defendant's interrogatory is overbroad, outside the scope of the complaint and counterclaim, irrelevant, assumes facts not alleged or not in evidence, and is not likely to lead to the discovery of admissible evidence. Subject to and without waiving such objection, Plaintiff has no personal knowledge of the substance of the requested admissions.

As to form and objections:

Dated: This 23rd day of March, 2010.

MESSERLI & KRAMER, P.A.

_____
Amanda E. Prutzman  #1060975
3033 Campus Drive, Suite 250
Plymouth, MN 55441
Phone: (763) 548-7900
Fax: (763) 548-7922
Attorneys For Plaintiff

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF MINNESOTA )
) ss.
COUNTY OF HENNEPIN )

Nikki Hegglund, of the City of Plymouth, County of Hennepin, State of Minnesota, being duly sworn, states that on _March 24_, 20_10_ she served the following Plaintiff's Answers to Defendant's Requests for Admissions and Interrogatories on Thomas Doyle through his attorney Thomas D. Vaitys, Esq., by mailing to him copies thereof, enclosed in envelopes, postage prepaid, and by depositing same in the post office box at 3033 Campus Drive, Suite 250, Plymouth, Minnesota directed to Thomas D. Vaitys, Esq., 8989 N Port Washington, Suite 201, Milwaukee, WI 53217 the last known address of said Defendant's attorney.

_____
Affiant

Subscribed and sworn to before me this
_24_ day of _March_, 20_10_

_____
Notary Public

ANDREA MICHELLE GRAHAM
Notary Public
Minnesota
My Commission Expires January 31, 2012

09-84267-0