UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
_____

Thomas Doyle,                                              ANSWER

                Plaintiff,

Messerli & Kramer P.A.,                                    Case No. 10-CV-0476-JPS

                Defendant.
_____

TO:    PLAINTIFF THOMAS DOYLE, THROUGH HIS ATTORNEY THOMAS D. VAITYS, VAITYS LAW LLC, 8989 PORT WASHINGTON ROAD, SUITE 201, BAYSIDE, WI 53217.

**DEFENDANT MESSERLI & KRAMER, P.A., FOR ITS ANSWER TO PLAINTIFF'S COMPLAINT, STATES AND ALLEGES AS FOLLOWS:**

    1.    Defendant denies each and every matter, thing and allegation set forth in Plaintiff's Complaint except as hereinafter specifically admitted, qualified or alleged.

    2.    As to paragraph 1, Defendant admits, upon information and belief.

    3.    As to paragraph 2, Defendant admits that it is a law firm, organized as a professional association under the laws of Minnesota. Defendant denies the remainder of the paragraph.

    4.    As to paragraphs 3-5, Defendant denies.

    5.    As to paragraph 6, Defendant denies based upon lack of information and belief, and states that the letter attached as Exhibit 1 to the Complaint speaks for itself.

    6.    As to paragraph 7, Defendant admits it received the letter attached to the Complaint as Exhibit 1 on or about June 11, 2009. Defendant affirmatively alleges this is a form letter commonly available on the internet at web sites such as:

1

http://www.freebusinessformsandtemplates.com/AttempttoValidateDebt.php or http://www.creditinfocenter.com/forms/sampleletter9.shtml. Defendant asserts that the form letter is not meaningfully related to a valid dispute, but rather part of a scheme to avoid or delay paying valid debts. Defendant denies the remainder of the paragraph.

7. As to paragraph 8, Defendant denies that Plaintiff made repeated requests that communication with him cease and Defendant denies that it persisted in harassing Plaintiff at multiple times. Defendant admits that it unintentionally attempted to call Defendant on June 15, 2009, but states that there was no answer and no message was left. Defendant affirmatively states that this unsuccessful attempt at telephone contact does not constitute a communication through a medium prohibited by the Fair Debt Collection Practices Act ("FDCPA"). Further, Defendant did not contact Plaintiff at any time after June 15, 2009, which is confirmed by Plaintiff's telephone bill attached as Exhibit 3 to the Complaint.

8. As to paragraph 9, Defendant denies and affirmatively alleges that it mailed a proper verification letter to the Defendant on or about June 11, 2009. "Verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed; the debt collector is not required to keep detailed files of the alleged debt. Consistent with the legislative history, verification is only intended to 'eliminate the ... problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid.' There is no concomitant obligation to forward copies of bills or other detailed evidence of the debt". *Chaudry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir. 1999) (internal citations omitted); *see also Mahon v. Credit Bureau of Placer County, Inc.,* 171 F.3d 1197, 1203 (9th Cir. 1999)(debt collector satisfies verification requirement by contacting creditor to determine "nature and balance of the outstanding bill" and

2

providing such information in writing to debtor); *Graziano v. Harrison,* 950 F.2d 107, 113 (3d Cir. 1991)(debt collector complied with verification requirement because verification correspondence "was sufficient to inform him of the amounts of his debts, the services provided, and the dates on which the debts were incurred.")

9. As to paragraph 10, Defendant denies and affirmatively states that it is not required to provide a document or signed contract to verify the debt. Defendant further alleges that Plaintiff consented to judgment being entered against him in the underlying collection suit.

10. As to paragraph 11, Defendant denies based upon lack of information and belief and states that the letter speaks for itself.

11. As to paragraph 12, Defendant denies.

12. As to paragraph 13, Defendant denies and affirmatively states that the Requests for Admissions attached to the Complaint as Exhibit 4 are directed to and answered by a different party in a different matter, Crown Asset Management, LLC, and not by the Defendant in this matter, Messerli & Kramer P.A. Further, the request for admission was not admitted by either Crown Asset Management, LLC, or Messerli & Kramer P.A.

13. As to paragraph 14, Defendant admits.

14. Paragraph 15 does not require a response.

15. As to paragraphs 16-20, Defendant denies.

16. As to paragraph 21, Defendant denies and affirmatively alleges that the alleged damages specified were incurred in cases separate from this case; specifically during the underlying collection suit, *Crown Asset Management, LLC v. Doyle*, Waukesha County Case No. 09-SC-7002, and during Plaintiff's unsuccessful removal of that case to this Court, which was ultimately remanded, Case No. 10-CV-87-JPS.

3

550457.1

Case 2:10-cv-00476-JPS   Filed 06/30/10   Page 3 of 5   Document 5

17. Paragraph 22 does not require a response.

18. Paragraph 23 does not require a response.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

19. Plaintiff has failed to state a claim upon which relief can be granted.

### Second Affirmative Defense

20. Plaintiff has failed to state a claim upon which relief can be granted, specifically the facts alleged do not support any cited violations of the FDCPA.

### Third Affirmative Defense

21. To the extent applicable, Plaintiff's claims are barred by the bona fide error provision of the FDCPA, 15 U.S.C. § 1692k(c).

### Fourth Affirmative Defense

22. Plaintiff's claims are barred by waiver, estoppel, or unclean hands.

### Fifth Affirmative Defense

23. Plaintiff's claims are barred by comparative fault.

### Sixth Affirmative Defense

24. Plaintiff's claims are barred as a result of failure to mitigate damages.

### Seventh Affirmative Defense

25. Plaintiff has not incurred any actual damages causally connected to Defendant's actions or inactions herein.

26. Defendant reserves the right to assert any and all other defenses as set forth in the Federal Rules of Civil Procedure which discovery reveals to be applicable.

4

550457.1

Case 2:10-cv-00476-JPS   Filed 06/30/10   Page 4 of 5   Document 5

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant prays for judgment against Plaintiff:

- That Plaintiff take nothing against it by these pretended causes of action, that the same be dismissed and judgment be taken against Plaintiff in an amount equal to Defendant's attorneys' fees, costs and disbursements herein.

- That Defendant be awarded reasonable attorneys' fees and costs in defense of Plaintiff's causes of action, pursuant to 15 U.S.C. § 1692k(a)(3).

- For such other and further relief as the Court may deem just and equitable.

Dated: June 30, 2010.            **MESSERLI & KRAMER, P.A.**

By: s/Amanda E. Prutzman
Amanda E. Prutzman, #1060975
3033 Campus Drive, Suite 250
Plymouth, MN 55441
Telephone: (763) 548-7724
Facsimile: (763) 548-7922
**ATTORNEYS FOR DEFENDANT**